IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:14-CR-0080 |
| | § | |
| LUIS SOTO-LEON | § | |

**REPORT AND RECOMMENDATION
TO DENY DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

Came for consideration the motion to suppress, filed November 14, 2014, by defendant LUIS SOTO-LEON. Defendant seeks to suppress evidence obtained after a vehicle the government alleges was being driven by co-defendant JASON AGUILERA was discovered to be transporting heroin. The Court conducted an evidentiary hearing on defendant's motion on November 25, 2014. After consideration of the evidence presented at the hearing, the pleadings, and controlling case law, the undersigned United States Magistrate Judge is of the opinion defendant's motion to suppress should be DENIED.

I.
FACTS

On September 23, 2014, a vehicle in which Soto-Leon was a passenger was pulled over by Texas Highway Patrol officers for a traffic violation. Consent to search the vehicle was obtained, the car was searched and then released after no drugs were found. Afterwards, Trooper Chatfield, one of the officers who pulled over the car, received a call from an Investigator Dawson, who had pulled over a different car and discovered drugs during a search of the car. During his conversation with Dawson, Chatfield learned that the car Dawson had searched and

found heroin was rented by a Margarita Ortiz, in Los Angeles, California, the same person who was listed on the rental agreement of the car Soto-Leon was a passenger. Chatfield also learned that both cars shared the same departure point and that both were traveling to Connecticut. Trooper Chatfield then pulled over the Soto-Leon vehicle a second time and arrested Soto-Leon and the occupants of the vehicle for conspiracy to possess narcotics, based upon the officer's determination that the two vehicles were traveling in tandem or that the Soto-Leon vehicle was a decoy for the car Dawson had searched.

## II.
## STANDING

In his sole issue[1], defendant contends statements he made to police officers following his arrest must be suppressed as fruit of the poisonous tree because of the illegality of the search of co-defendant Aguilera's car. This Court has issued a Report and Recommendation to deny the motion to suppress in defendant Aguilera's case, finding the search was conducted pursuant to a valid consent and was not illegal. Because the underlying search was not illegal, defendant's statements are not the fruit of a poisonous tree.

Even assuming the search of the co-defendant's car was illegal, the motion to suppress would still be denied because Soto-Leon does not have standing to challenge the search of Aguilera's car.

As the government argues in its supplemental brief, one must have a legitimate

---

[1] In his initial motion to suppress, Soto-Leon claimed his statements should be suppressed because they were taken in violation of his Fifth Amendment right to counsel. Defendant argued that during the ride to the police station, the driver of the car (not Soto-Leon) requested counsel. While the video of the police ride does seem to indicate someone in the back seat of the car made a comment about a lawyer, a third person requesting counsel does not entitle defendant to counsel or require the officers to cease interrogating the defendant. The initial motion also stated that Soto-Leon requested counsel prior to being interrogated, but he offered no evidence in support of this contention, and the evidence at the suppression hearing from the government was that Soto-Leon was Mirandized prior to giving any statements. Indeed, defendant seemingly abandoned this claim, by failing to raise the issue in his supplemental brief and not raising it during the evidentiary hearing.

expectation of privacy in the thing being searched in order to have standing to assert a constitutional violation. *Rakas v. Illinois*, 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L. Ed. 2d 387 (1978). In order to determine whether a person has a legitimate expectation of privacy a person must have (1) asserted a subjective expectation of privacy, and (2) that subjective expectation of privacy must be one that society is prepared to recognize as reasonable. *Smith v. Maryland*, 442 U.S. 735, 740, 99 S. Ct. 2577, 2580, 61 L. Ed. 2d 220 (1979). Here, it would not be objectively reasonable for defendant Soto-Leon to have an expectation of privacy in the contents of defendant Aguilera's vehicle because defendant Soto-Leon did not own, rent, have any sort of ownership interest in, and was not a passenger in Aguilera's car at the time of the search.

In his supplemental brief, defendant claims he has "automatic standing" because "the same possession needed to establish standing is 'an essential element of the offense . . . charged,'" citing *Brown v. United States*, 411 U.S. 223, 227, 93 S. Ct. 1565, 1569, 36 L. Ed. 2d 208 (1973). *Brown v. United States* discusses, but does not apply, the automatic standing rule enunciated by the Supreme Court in *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L. Ed. 2d 697 (1960). The automatic standing rule established in *Jones*, however, has been expressly overruled. *United States v. Salvucci*, 448 U.S. 83, 85, 100 S. Ct. 2547, 2549, 65 L. Ed. 2d 619 (1980) ("The automatic standing rule of *Jones v. United States, supra*, is therefore overruled."). Defendant asks the Court to revisit the rationale in *Brown*, but revisiting the rationale in *Brown* would be of no benefit to defendant because this Court is bound to follow settled Supreme Court precedent.

Because Soto-Leon has not established he had a reasonable expectation of privacy, he does not have standing to challenge the legality of the search of Aguilera's car.

VIII.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to suppress filed by defendant LUIS SOTO-LEON be DENIED.

IX.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to forward a copy of this Report and Recommendation to defense counsel and to the Assistant United States Attorney by the most expedient means available.

IT IS SO RECOMMENDED.

ENTERED this ___19th___ day of December 2014.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to this Report and Recommendation. *See* 28 U.S.C. § 636. This case is set for docket call on Monday, January 5, 2015, and trial on Tuesday, January 6, 2015. Therefore, all objections must be filed by **Monday, December 29, 2014.** Any such objections shall be in writing and shall specifically identify the portions of the findings, conclusions, or recommendation to which objection is made, and set out fully the basis for each objection. Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on the Magistrate Judge and all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions set forth in this report and accepted by the district court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).